UNDER SEAL

FILED
CHARLOTTE, NC

AUG 19 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:25cr238-KDB |
| ) | |
| v. ) | **BILL OF INDICTMENT** |
| ) | |
| ROBERT LEWIS ELLIOTT, III ) | **UNDER SEAL** |
| ) | |
| and ) | 18 U.S.C. § 371 |
| ) | 18 U.S.C. § 472 |
| DEVIN ALONZO ELLIOTT ) | 18 U.S.C. § 2 |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

**Introductory Allegations**

1. Beginning no later than June 26, 2025, and continuing through at least June 27, 2025, the defendants, ROBERT LEWIS ELLIOTT, III ("R. ELLIOTT") and DEVIN ALONZO ELLIOTT ("D. ELLIOTT") engaged in a conspiracy with each other and with others known and unknown to the grand jury to pass and utter counterfeit Federal Reserve Notes to purchase expensive jewelry in a retail store in Pineville, North Carolina, and elsewhere. During the conspiracy, R. ELLIOTT, D. ELLIOTT, and their co-conspirators, using counterfeit Federal Reserve Notes, obtained approximately $300,000 in jewelry, including but not limited to Rolex, Patek Phillipe, Audemars Piguet, and Cartier watches.

2. R. ELLIOTT was a resident of Okolona, Mississippi.

3. D. ELLIOTT was a resident of Okolona, Mississippi.

4. Jewelry Store #1 was a jewelry store located in Pineville, North Carolina. B.H. was an employee of Jewelry Store #1.

1

## COUNT ONE
## 18 U.S.C. § 371
### (Conspiracy to Pass Counterfeit Obligations)

5. The Grand Jury realleges and incorporates by reference herein, the allegations contained in paragraphs 1 through 4 of the Bill of Indictment, and further alleges that:

6. Beginning no later than June 26, 2025, and continuing through at least June 27, 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**ROBERT LEWIS ELLIOTT, III and DEVIN ALONZO ELLIOTT,**

knowingly conspired and agreed with one another, and with others known and unknown to the grand jury, to commit an offense against the United States, specifically, to knowingly and with intent to defraud, pass, utter, and publish, and attempt to pass, utter, and publish, falsely made, forged, and counterfeited obligations of the United States, in violation of Title 18, United States Code, Section 472.

### MANNER AND MEANS

7. It was part of the conspiracy that R. ELLIOTT, D. ELLIOTT, and others known and unknown to the grand jury passed counterfeit United States currency to purchase Rolex, Patek Phillipe, Audemars Piguet, and Cartier watches, and other high-end jewelry.

### OVERT ACTS

8. In furtherance of the conspiracy and to effect the objects and purposes thereof, R. ELLIOTT, D. ELLIOTT, and their co-conspirators committed one or more of the following overt acts, among others:

   a. On or about June 26, 2025, R. ELLIOTT, D. ELLIOTT, and at least one of their co-conspirators entered Jewelry Store #1 in Pineville, North Carolina, and told B.H. that they wanted to purchase approximately $300,000 in high-end watches and other pieces of jewelry.

   b. On or about June 26, 2025, R. ELLIOTT, D. ELLIOTT, and at least one of their co-conspirators provided B.H. with a $1,000 cash deposit for the purchases and agreed to return the following day to complete the transaction.

   c. On or about June 27, 2025, R. ELLIOTT, D. ELLIOTT, and at least one of their co-conspirators returned to Jewelry Store #1 to purchase the ordered items.

d. R. ELLIOTT, D. ELLIOTT, and at least one of their co-conspirators agreed to finalize the transaction and requested that the money be counted in the back office. B.H. agreed, and escorted R. ELLIOTT and one of their co-conspirators to the back office.

e. R. ELLIOTT provided B.H. with a $10,000 stack of genuine $100 Federal Reserve Notes, which B.H. ran through an electronic money counter. After running the stack through the electronic money counter, B.H. also used a counterfeit detection pen on the $100 Federal Reserve Notes. Upon completing the count of the stack, B.H. handed R. ELLIOTT back the counted stack.

f. When R. ELLIOTT took the stack back from B.H. he placed a rubber band around the stack. Using a sleight-of-hand technique, R. ELLIOTT then exchanged the genuine stack of Federal Reserve Notes with a stack of counterfeit Federal Reserve Notes and then placed the counterfeit Federal Reserve Notes onto the safe.

g. R. ELLIOTT then pretended to hand B.H. a new $10,000 stack of genuine $100 Federal Reserve Notes, but in reality, he recycled the previous stack of genuine currency. B.H. counted this stack and again used a counterfeit detection pen. B.H. handed R. ELLIOTT back the counted stack, and he again placed the counterfeit Federal Reserve Notes onto the safe. This process was repeated until all the counted money was placed into the store safe.

h. R. ELLIOTT, D. ELLIOTT, and at least one of their co-conspirators provided B.H. with a total of $299,900 in counterfeit Federal Reserve Notes depicted in the picture below.



i. Upon completion of the count, B.H. began finalizing the sale through the store's computer system, and B.H. asked R. ELLIOTT to produce his identification. R. ELLIOTT stated that he wished to add additional pieces to the order but needed to return to his car to get more cash, as well as his identification.

j. R. ELLIOTT, D. ELLIOTT, and at least one of their co-conspirators then fled the store with the following jewelry and never returned:

    i. Patek Phillipe diamond

    ii. Audemars Piguet watch

    iii. Rose Cuban link chain

    iv. Cartier watch

    v. Rolex Bust Down Collection 41 mm watch

    vi. Rolex Bust Down Collection 41 mm watch

    vii. Rolex Bust Down Collection 41 mm watch

    viii. Gold bracelet

    ix. Bangle bracelet

4

      x. Rolex Plain 36 mm watch

     xi. 24k pointer earrings

    xii. Diamond earring

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
18 U.S.C. §§ 472 and 2
(Passing Counterfeit Obligations)

9. The Grand Jury realleges and incorporates by reference herein, the allegations contained in paragraphs 1 through 4 of the Bill of Indictment, and further alleges that:

10. On or about June 27, 2025, in Pineville, North Carolina, Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**ROBERT LEWIS ELLIOTT, III and DEVIN ALONZO ELLIOTT**

did, with an intent to defraud, pass, utter, and publish, caused to be passed, uttered, and published, and aided and abetted the passing, uttering, and publishing, to Jewelry Store #1, in Pineville, North Carolina, falsely made, forged, and counterfeited obligations of the United States, that is, counterfeit Federal Reserve Notes each in the denomination of $100, totaling $299,900.

All in violation of Title 18, United States Code, Sections 472 and 2.

5

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. §§ 982, 492, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982, Section 492, and/or Section 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment;

b. All property involved in or traceable to property involved in the violations set forth in this Bill of Indictment;

c. All property, to include any articles, devices, and other things made, possessed, or used or intended to be used in the violations set forth in this Bill of Indictment, and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a),(b), and (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant(s) to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

b. The following property:

    i. Patek Phillipe diamond watch - $90,000.00

    ii. Audemars Piguet watch - $48,000.00

    iii. Rose Cuban link chain - $32,000.00

    iv. Cartier watch - $25,000.00.

    v. Rolex Bust Down Collection 41 mm watch - $23,500.00

    vi. Rolex Bust Down Collection 41 mm watch - $22,500.00

vii. Rolex Bust Down Collection 41 mm watch - $22,500.00

viii. Gold bracelet - $17,500.00

ix. Bangle bracelet - $8,200.00

x. Rolex Plain 36 mm watch - $7,800.00

xi. 24k pointer earrings – $2,000.00

xii. Diamond earring - $1,000.00

A TRUE BILL:



FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
CARYN FINLEY
ASSISTANT UNITED STATES ATTORNEY

7